THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:14-CR-172(17)- |
| | § | ALM-CAN |
| CHRISTIAN BLAS GARCIA-LUNA (17), | § | |
| | § | |
| Defendant. | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Now before the Court is Defendant Christian Blas Garcia-Luna's Motion to Suppress Statement and To Exclude Evidence Obtained Therefrom and Incorporated Brief in Support [Dkt. 140] and Defendant Christian Blas Garcia-Luna's Amended Motion to Suppress Statement and to Exclude Evidence Obtained Therefrom and Incorporated Brief in Support [Dkt. 156]. After considering the Motions, the Responses, and all relevant filings, the Court recommends that Defendant's Motion to Suppress [Dkt. 140] be **DENIED** as moot, and further recommends that Defendant's Amended Motion to Suppress [Dkt. 156] be **GRANTED**.

## ANALYSIS

On October 29, 2014, law enforcement officers, while observing a vehicle suspected of trafficking drugs, observed three Hispanic males remove cylinders from the first vehicle and place them in the rear of what is alleged to be Defendant's, Christian Blas Garcia-Luna, vehicle. As a result, agents of the Drug Enforcement Administration and the Dallas Police Department coordinated a traffic stop of Defendant [Dkt. 156]. Law enforcement officers stopped Defendant, learned he had outstanding traffic warrants, and placed him under arrest [*Id*.]. Defendant was transported to Dallas Police Department headquarters and placed in an interview

room at 3:25 p.m. [*Id.*] At that time, Defendant was read his *Miranda* Warnings of a Subject in Custody, and was asked if he was willing to cooperate. *See Miranda v. Arizona*, 384 U.S. 436, 467, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966). Defendant requested a lawyer to help guide him through the process [Dkt. 156]. Over an hour later, at 4:30 p.m., Special Agent Andres C. Mata entered the interview room, identified himself, and advised Defendant that his case could be prosecuted in either state or federal court [*Id.*]. Defendant again invoked his right to counsel, requesting an attorney of the Mexican consulate to assist him [*Id.*]. Defendant indicated to Special Agent Mata that he wanted to cooperate once he "does that" [*Id.*]. Special Agent Mata then explained to Defendant the importance of cooperating now versus waiting to cooperate at a later time [*Id.*]. Law enforcement officers continued the interrogation of Defendant, deterred Defendant from waiting for counsel, and compelled Defendant to speak to them [*Id.*]. Defendant ultimately provided a statement to law enforcement officers leading to the search of his apartment and seizure of various items [*See* Dkt. 156, Ex. A].

On June 5, 2015, Defendant filed his Motion to Suppress [Dkt. 140]; however, Defendant's Motion incorrectly named Defendant "Carlos Garcia-Luna," rather than "Christian Garcia-Luna." On July 17, 2015, Defendant filed an Amended Motion naming the correct Defendant, Christian Garcia-Luna [Dkt. 156]. Also on July 17, 2015, the Government filed a Response indicating that it is not opposed to and agreed with the relief requested by Defendant [Dkt. 158; *see also* Dkt. 148].

Defendant requests the suppression of all statements made after the *Miranda* warnings were given to him and after he invoked his right to counsel, as well as all evidence resulting therefrom, including specifically the subsequent search and seizure of Defendant's apartment. "To counter the inherently coercive nature of custodial interrogation, under *Miranda*, 'the

prosecution may not use statements, whether exculpatory or inculpatory, stemming from custodial interrogation of the defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination.'" *United States v. Cardenas*, 410 F.3d 287, 292 (5th Cir. 2005). Once the *Miranda* warnings have been given, a suspect may knowingly, voluntarily, and intelligently waive his *Miranda* rights. *Id*. In order for a waiver to be voluntary, the decision must be "the product of a free and deliberate choice rather than intimidation, coercion, or deception," and the waiver must have been made "with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it." *Id*. at 292-93. The decision regarding the voluntariness of a waiver of rights is made on a case-by-case basis and is viewed under the totality of the circumstances. *Id*. at 293.

In its Response, the Government agrees that any and all post-*Miranda* statements given by Defendant after his arrest while in custody at the Dallas Police Department, and any evidence obtained therefrom, should be suppressed [Dkt. 158]. The Government requests that the Court grant Defendant's Amended Motion to Suppress. *Id*. The Court agrees that Defendant did not knowingly, voluntarily, and intelligently waive his right to counsel, but instead, clearly invoked his right to counsel and was denied this right. Not only did law enforcement officers continue interrogating Defendant after he requested the assistance of counsel, but he was actively encouraged to continue the interrogation without waiting for counsel to be present. This is not a voluntary waiver of the right to counsel, and the Court agrees that any and all post-*Miranda* statements given by Defendant after his arrest, and any evidence seized as a result of the subsequent search, should be suppressed.

## CONCLUSION AND RECOMMENDATION

Based on the foregoing, the Court recommends that Defendant Christian Blas Garcia-Luna's Motion to Suppress Statement and To Exclude Evidence Obtained Therefrom and Incorporated Brief in Support [Dkt. 140] be **DENIED** as moot.

The Court further recommends that Defendant Christian Blas Garcia-Luna's Amended Motion to Suppress Statement and to Exclude Evidence Obtained Therefrom and Incorporated Brief in Support [Dkt. 156] be **GRANTED**, and any and all post-*Miranda* statements given by Defendant after his arrest, and any evidence seized as a result of the subsequent search, be suppressed.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 20th day of July, 2015.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE